AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 3:19mj373
A CELL-SITE SIMULATOR TO LOCATE THE CELLULAR )
DEVICE ASSIGNED CALL NUMBER 937-607-3868 )

FILED
RICHARD W. NAGEL
CLERK OF COURT
2019 JUL -8 AM 11:09
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
See Attachment A. This court has authority to issue this warrant under 18 U.S.C. sections 2703(c)(1)(A) and 2711(3)(A) and Federal Rule of Criminal Procedure 41.

located in the _____unknown_____ District of _____unknown_____, there is now concealed *(identify the person or describe the property to be seized)*:

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*
☒ evidence of a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☒ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC. § 1201 | Kidnapping |

The application is based on these facts:
See Attached Affidavit

☒ Continued on the attached sheet.
☒ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

SA Nicholas A. Graziosi, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 7-8-19

*Judge's signature*

City and state: Dayton, Ohio                Sharon L. Ovington, United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE USE OF A CELL-SITE SIMULATOR TO LOCATE THE CELLULAR DEVICE ASSIGNED CALL NUMBER 937-607-3868 | Case No. _____<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Nicholas A. Graziosi, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number **937-607-3868**, (the "**Target Cellular Device**"), which is described in Attachment A.

2. I am a Special Agent with the Federal Bureau of Investigation (FBI), and have been so employed since March of 2017. Prior to joining the FBI, I served in the infantry as an enlisted member in the United States Marine Corps. Upon being discharged from the military, I attended West Virginia University and graduated with a bachelor's degree in criminology and investigations. Additionally, I attended West Virginia University College of Law where I graduated with a Juris Doctorate degree. I am currently assigned to the FBI Cincinnati Division – Dayton Resident Agency. Since joining the FBI, I have received training and experience in the investigation of various offenses set forth under Title 18 and Title 21 of the United States Code.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. One purpose of applying for this warrant is to determine with precision the **Target Cellular Device**'s location. However, there is reason to believe the **Target Cellular Device** is currently located somewhere within this district based on locational data and victim interviews. Pursuant to Rule 41(b)(2), law enforcement may locate the **Target Cellular Device** outside the district provided the device is within the district when the warrant is issued.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18 U.S.C. § 1201 have been committed, are being committed, and will be committed by an unknown person or persons utilizing the **Target Cellular Device**. There is also probable cause to believe that the location of the **Target Cellular Device** will constitute evidence of those criminal violations, including leading to the identification of individuals who are engaged in the commission of these offenses and identifying locations of the victim of those offenses.

6. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. See 18 U.S.C. §§ 3121-3127. This warrant therefore includes all the information required to be included in a pen register order. See 18 U.S.C. § 3123(b)(1).

## PROBABLE CAUSE

7. The Federal Bureau of Investigation (FBI) and the Dayton Police Department are jointly investigating the kidnapping and abduction of Kwasi Casey ("Casey"), in violation of Title 18 U.S.C. § 1201.

8. On July 7, 2019, at approximately 7:30 p.m., Dayton Police Department ("DPD") was notified of a possible abduction and kidnapping of Kwasi Casey ("Casey"). DPD was alerted to the possible kidnapping and abduction of Casey by relatives.

9. DPD Homicide Detectives responded to Casey's address, located at 2624 Hilary Ave, Dayton, Ohio. Upon arrival, DPD Homicide Detectives learned through a witness, who was with Casey at the time of the abduction, that Casey was abducted outside of his residence while walking to his vehicle from the residence. The witness stated that she observed a red car pull up in front of the residence on Hillary and stop. Witness further observed the passenger exit the red vehicle. Witness observed the passenger display a silver handgun. At this time, the witness fled into a nearby woods and lost sight of Casey. Once witness returned, witness observed what appeared to be blood near Casey's vehicle. DPD detectives on scene also observed what appeared to be blood near Casey's vehicle.

10. Starting July 7, 2019, at approximately 11:31 p.m., a family member began receiving a series of phone calls from the **Target Cellular Device** demanding money in exchange for Casey's safe return. During these calls, the caller from the **Target Cellular Device** stated that they would kill Casey if their demands were not complied with. The calls to family members all came from the phone number assigned to the **Target Cellular Device**, the most recent call being

July 8, 2019, at between approximately 9:00 a.m. and 9:15 a.m. DPD Homicide Detectives are continuing to monitor incoming calls from **Target Cellular Device** to family members.

11. The kidnappers, utilizing the **Target Cellular Device**, attempted to arrange a money exchange with a family member. The kidnappers demanded $80,000 to be placed under a street light located in front of a business referred to by the kidnappers as 14K, which is believed to be 14 Carat Gold Cd's & Tapes, located at 4180 West Hillcrest Avenue, Dayton, OH.

12. DPD Homicide Detectives arranged for the money drop by placing an empty bag at the location requested by the kidnappers. Shortly thereafter, an individual approached the business, picked up the bag, and entered the business. DPD Homicide Detectives later learned that this individual was the store owner. Subsequent to the store owner taking the bag into the business, kidnappers called Casey's family member and stating that they observed the store owner pick up the bag. Kidnappers stated they were aware that the family involved the police and then kidnappers hung up the phone.

13. DPD was able to get exigent "ping" notifications from Sprint, the carrier for **Target Cellular Device**. However, the GPS information obtained from the "ping" notifications from Sprint were not so specifically localized as to give DPD a specific location. However, GPS information suggests that **Target Cellular Device** is located within the greater Dayton, Ohio area.

## MANNER OF EXECUTION

14. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a

cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

15. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the **Target Cellular Device** or receiving signals from nearby cellular devices, including the **Target Cellular Device**. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the **Target Cellular Device** and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the **Target Cellular Device** and use that information to determine the **Target Cellular Device**'s location, even if it is located inside a house, apartment, or other building.

16. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the **Target Cellular Device**, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the **Target Cellular Device**, and law enforcement will limit collection of information from devices other than the **Target Cellular Device**. To the extent that any information from a cellular device other than the **Target Cellular Device** is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further

order of the court, other than distinguishing the **Target Cellular Device** from all other cellular devices.

## AUTHORIZATION REQUEST

17. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

18. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the **Target Cellular Device** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

19. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the **Target Cellular Device** outside of daytime hours.

20. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These

documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

21. A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Respectfully submitted,

Nicholas A. Graziosi
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me
On: July 8, 2019.

SHARON L. OVINGTON
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number 937-607-3868, whose wireless provider is Sprint, and whose listed subscriber is Donald Gee.

## ATTACHMENT B

Pursuant to an investigation of unknown person or persons utilizing **Target Cellular Device** in violation of Title 18 U.S.C. § 1201, this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).